## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE JELD-WEN HOLDING, INC. DERIVATIVE LITIGATION | Case No.: 1:21-cv-00135-RGA (Consolidated) |

### [PROPOSED] JUDGMENT APPROVING DERIVATIVE ACTION SETTLEMENT

WHEREAS, a stockholder derivative action captioned *In re JELD-WEN Holding, Inc. Derivative Litigation*, Case No.: 1:21-cv-00135-RGA (the "Action") is pending in this Court;

WHEREAS, (i) plaintiffs Board of Trustees of the City of Miami General Employees' & Sanitation Employees' Retirement Trust, Shieta Black, and Jason Aldridge (collectively, "Plaintiffs"), on behalf of themselves and derivatively on behalf of nominal defendant JELD-WEN Holding, Inc. ("JELD-WEN" or the "Company"); (ii) defendants Gary S. Michel, Matthew D. Ross, Roderick C. Wendt, Anthony Munk, Steven E. Wynne, Bruce M. Taten, Suzanne L. Stefany, William F. Banholzer, Gregory G. Maxwell, Mark A. Beck, Kirk Hachigan, L. Brooks Mallard, Patrick Tolbert, and Martha S. Byorum (collectively, the "Individual Defendants"); (iii) defendant Onex Corporation (together with the Individual Defendants, "Defendants"); and (iv) nominal defendant JELD-WEN (together with Plaintiffs and Defendants, the "Parties"), have entered into a Stipulation and Agreement of Settlement dated September 7, 2022 (the "Stipulation"), which sets forth the terms and conditions of the proposed settlement of the Action (the "Settlement"), subject to the approval of this Court pursuant to Rule 23.1 of the Federal Rules of Civil Procedure;

WHEREAS, by Order dated October 11, 2022 (the "Preliminary Approval Order"), this Court: (i) preliminarily approved the proposed Settlement, as embodied in the Stipulation, subject to further consideration at the Settlement Fairness Hearing to be conducted before the Court; (ii) ordered that notice of the proposed Settlement in the manner and form approved by the Court be provided to persons and entities who held of record, or beneficially owned, common stock of

JELD-WEN as of the close of business on the date of execution of the Stipulation ("JELD-WEN Stockholders"); (iii) provided JELD-WEN Stockholders with the opportunity to object to the proposed Settlement and the Lead Counsel's motion for an award of attorneys' fees and expenses; and (iv) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice in the form and manner ordered by the Court has been given to JELD-WEN Stockholders;

WHEREAS, the Court conducted a hearing on December 19, 2022 (the "Settlement Fairness Hearing"), to consider, among other things: (i) whether the proposed Settlement, on the terms and conditions provided for in the Stipulation, is fair, reasonable, and adequate, and should be approved by the Court; (ii) whether a judgment should be entered dismissing the Action with prejudice; and (iii) whether Lead Counsel's motion for an award of attorneys' fees and expenses should be approved; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** this 19th day of December, 2022, that

1. This Judgment Approving Derivative Action Settlement (the "Judgment") incorporates by reference the definitions in the Stipulation, and all capitalized terms used in this Judgment shall have the same meaning as set forth in the Stipulation.

2. The Court has jurisdiction over the subject matter of the Action, including all matters necessary to effectuate the Settlement and this Judgment, and over all parties to the Action and JELD-WEN stockholders.

3.      This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on September 8, 2022; and (b) the Notice, which was filed with the Court on December 9, 2022.

4.      Notice has been given JELD-WEN Stockholders pursuant to and in the manner directed by the Preliminary Approval Order; proof of compliance with the notice procedure required under the Preliminary Approval Order was filed with the Court; and a full and fair opportunity to be heard has been afforded to all JELD-WEN Stockholders. The form and manner of the notice provided is hereby confirmed to have been given in full compliance with each of the requirements of Federal Rule of Civil Procedure 23.1, due process, and all other applicable law and rules, and it is further determined that the Parties and all JELD-WEN stockholders are bound by the Judgment herein.

5.      The Court finds that the Action is properly maintained as a stockholder derivative action on behalf of JELD-WEN, and that Plaintiffs and their counsel fairly and adequately represented the interests of JELD-WEN and its stockholders. Lead Counsel is authorized to act on behalf of JELD-WEN stockholders with respect to all acts required by the Stipulation or such other acts which are reasonably necessary to consummate the Settlement set forth in the Stipulation.

6.      Pursuant to, and in accordance with, Rule 23.1 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for under the Settlement; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Company and its stockholders.

7.  The Action and all of the claims asserted against Defendants in the Action by Plaintiffs are hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation or this Judgment.

8.  Without further action by anyone, and subject to Paragraph 10 below, upon the Effective Date of the Settlement, Plaintiffs, on behalf of themselves and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, and the Company, as nominal defendant: (i) shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed each and every one of the Released Plaintiffs' Claims against each and every one of the Defendants and the other Released Defendants' Persons; (ii) shall have covenanted not to sue, directly or indirectly, any of the Released Defendants' Persons with respect to any or all of the Released Plaintiffs' Claims; and (iii) shall forever be barred and enjoined from directly or indirectly initiating, prosecuting, facilitating, filing, commencing, instituting, maintaining, assisting in, or intervening in any action, suit, cause of action, arbitration, claim, demand, or other proceeding in any jurisdiction, on their own behalf or in a representative capacity, that is based upon or arises out of any or all of the Released Plaintiffs' Claims against any of the Defendants and the other Released Defendants' Persons.

9.  Without further action by anyone, and subject to Paragraph 10 below, upon the Effective Date of the Settlement, Defendants and the Company, on behalf of themselves and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such: (i) shall be deemed to have, and by operation of law and of the Judgment, shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed each and every one of the Released Defendants' Claims against each

and every one of the Plaintiffs and the other Released Plaintiffs' Persons; (ii) shall have covenanted not to sue, directly or indirectly, any of the Released Plaintiffs' Persons with respect to any or all of the Released Defendants' Claims; and (iii) shall forever be barred and enjoined from directly or indirectly initiating, prosecuting, facilitating, filing, commencing, instituting, maintaining, assisting in, or intervening in any action, suit, cause of action, arbitration, claim, demand, or other proceeding in any jurisdiction, on their own behalf or in a representative capacity, that is based upon or arises out of any or all of the Released Defendants' Claims against any of the Plaintiffs and the other Released Plaintiffs' Persons.

10. Notwithstanding Paragraphs 8-9 above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

11. Neither this Judgment, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto, the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a) shall be offered against any of the Released Defendants' Persons as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendants' Persons with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in the Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Defendants' Persons or in any way referred to for any other reason as against any of the Released Defendants' Persons, in this Action or in any arbitration proceeding or other civil, criminal, or

administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b) shall be offered against any of the Released Plaintiffs' Persons, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Plaintiffs' Persons that any of their claims are without merit, that any of the Released Defendants' Persons had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Released Plaintiffs' Persons, in this Action or in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c) shall be construed against any of the Released Defendants' Persons or the Released Plaintiffs' Persons as an admission, concession, or presumption that the consideration to be given hereunder represents the consideration which could be or would have been recovered after trial; *provided, however*, that the Parties and the Released Persons and their respective counsel may refer to the Stipulation and this Judgment to effectuate the protections from liability granted thereunder or hereunder or otherwise to enforce the terms of the Settlement.

12. Lead Counsel's motion for an award of attorneys' fees and litigation expenses is granted. Plaintiffs' Counsel are hereby awarded attorneys' fees, inclusive of litigation expenses, in the amount of 22% of the Settlement Fund (including interest earned at the same rate as the Settlement Fund), which sum the Court finds to be fair and reasonable. Lead Counsel shall allocate the attorneys' fees awarded amongst Plaintiffs' Counsel in a manner which it, in good faith, believes reflects the contributions of such counsel to the institution, prosecution, and settlement of the Action.

13. The effectiveness of this Judgment and the obligations of the Parties under the Settlement shall not be conditioned upon or subject to the resolution of any appeal or other matter, court order, or proceeding that relates solely to the award of attorneys' fees and litigation expenses to Plaintiffs' Counsel.

14. The Court finds that the Action was filed, prosecuted, defended, and settled in good faith, and that during the course of the Action, the parties to the Action and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure and all similar rules and laws.

15. Without affecting the finality of this Judgment in any way, the Court hereby retains continuing jurisdiction over: (i) implementation of the Settlement; and (ii) the parties to the Action and all JELD-WEN stockholders for the purpose of construing, enforcing, and administering the Stipulation and the Settlement.

16. Without further approval from the Court, the Parties are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that are not materially inconsistent with this Judgment. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any provisions of the Settlement.

17. If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Plaintiffs, Defendants, and the Company, and the Parties shall each revert to their respective litigation positions in the Action as of immediately prior to the execution of the Term Sheet on June 20, 2022, as provided in the Stipulation.

18. The Parties are hereby authorized and directed to comply with and to consummate the Settlement in accordance with its terms and provisions, and the Clerk is directed to enter and docket this Judgment in the Action. The Court finds that this Judgment is a final judgment and should be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this 20th day of December, 2022.

_____
The Honorable Richard G. Andrews
United States District Judge